**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| TENNIEL WALKER, | No. CV11-02368 MEJ |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE** |
| TARGET CORPORATION, | |
| Defendant. | |
| _____/ | |

On October 12, 2011, Defendant Target Corporation submitted a letter regarding Plaintiff Tenniel Walker's failure to comply with discovery obligations in this case. Dkt. No. 13. In response, the Court ordered the parties to meet and confer in compliance with the undersigned's Discovery Standing Order. Dkt. No. 14. The Court ordered Plaintiff's counsel, Lawrence Allan Moy, to contact Defendant's counsel by October 21, 2011 at 10:00 a.m. and provide at least three (3) dates and times at which he is able to meet during normal business hours (9 a.m. through 5 p.m.) before November 2, 2011. *Id.* The Court warned that failure to comply with the Order, as well as Plaintiff's failure to comply with discovery obligations in general, may result in the impositions of sanctions. *Id.*

On October 21, 2011, Defendant filed a second letter, in which Defendant's counsel states that Plaintiff's counsel failed to contact her, and that Plaintiff has yet to provide initial disclosures and responses to Defendant's written discovery requests. Dkt. No. 15. In response, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute and failure to comply with court orders. Dkt. No. 16. The Court ordered Plaintiff to file a responsive declaration by November 1, 2011. *Id.* Plaintiff has failed to respond.

Under Federal Rule of Civil Procedure 41(b), failure to comply with a court order can

warrant dismissal.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In "determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors including '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Id.* at 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)).  Here, Plaintiff has failed to comply with discovery obligations, failed to comply with court orders and deadlines, failed to respond to the order to show cause, and has made no appearance in this matter since August 2011.  Thus, the Court finds that the *Ferdik* factors weigh in favor of dismissal.  Accordingly, this case is hereby DISMISSED WITHOUT PREJUDICE for failure to prosecute.

**IT IS SO ORDERED.**

Dated: November 2, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

2